UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.

TIMOTHY HUGHES,

    Plaintiff,

v.

CITY OF PALM BAY,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL AND REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF**

COMES NOW the Plaintiff, TIMOTHY HUGHES ("Mr. Hughes" or "Plaintiff"), by and through his undersigned counsel, and sues the Defendant, CITY OF PALM BAY ("Defendant" or "PB") and alleges the following:

1. Plaintiff brings these claims for age discrimination and retaliation against PB for its termination of Plaintiff based upon his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 626 (b) & (c), and 29 U.S.C. § 623(a)(1). Plaintiff is seeking damages, including back pay, front pay, lost employment benefits, compensatory damages, punitive damages if permitted, interest, and his attorneys' fees and costs.

## VENUE AND JURISDICTION

2. PB is a municipality located in Brevard County, Florida, which at all times relevant performed work in Brevard County, Florida.

3. This Court has original jurisdiction over Plaintiff's ADEA claims pursuant to 28 U.S.C. § 1331, as they arise under federal law.

4. Plaintiff is, and at all times material was, a resident of Brevard County, Florida, and worked for Defendant in Brevard County, Florida.

5. Jurisdiction and Venue are proper in this Court, as the actions giving rise to this action arise under federal law, and occurred in Brevard County, Florida.

## CONDITIONS PRECEDENT

6. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on or about February 10, 2020.

7. On or around June 1, 2021, Plaintiff received his Notice of Right to Sue letter from the EEOC against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

8. Plaintiff timely files this action within the applicable period of limitations against Defendant.

9. All conditions precedent to this action have been satisfied and/or waived.

## **EMPLOYER DEFINITIONS UNDER THE ADEA**

10. Mr. Hughes worked for PB as a Maintenance Superintendent from March 16, 2015, until his termination on July 2, 2020.

11. Defendant was an "employer" as defined by the ADEA.

12. At all times relevant, Defendant employed in excess of twenty (20) or more employees.

## **STATEMENT OF FACTS**

13. At all times material, Plaintiff was a fifty-eight (58) and, eventually, a sixty-three (63) year old man who worked for Defendant.

14. Mr. Hughes was a reliable and excellent employee, and had no significant history of attendance, tardiness, or disciplinary issues.

15. In January of 2019, Mr. Hughes's Supervisor at PB, Jason Kowalski, started making age-related remarks such as "you need to retire" and "you're too old to be here."

16. In February of 2019, March of 2019, July of 2019, and December of 2019, Mr. Kowalski repeated age-related derogatory comments towards Mr. Hughes.

17. In January of 2020, Mr. Kowalski questioned Mr. Hughes, "how old are you?"

18. In February of 2020, in response to Mr. Hughes requiring knee surgery, Mr. Kowalski spitefully and viciously stated to Mr. Hughes, "you're too old to get your

knee fixed."

19. Upon Mr. Hughes return from recovering from his knee surgery, on April 7, 2020, Mr. Kowalski told Mr. Hughes to consider retiring.

20. Mr. Hughes, tired of the abuse and discrimination and harassment based on age, objected to Mr. Kowalski that PB's discrimination based on age violated the law.

21. Undeterred to end the discriminatory comments, derisively on April 23, 2020, Mr. Kowalski told Mr. Hughes that "you old guys don't know the new ways to do things."

22. On May 19, 2020, Mr. Kowalski stated to Mr. Hughes, "Pat and you need to retire. You are old enough."

23. At this time, Mr. Hughes reiterated his aforementioned objections in response to this, but was ignored by Mr. Kowalski and by PB.

24. Plaintiff was fired for no reason other than his advanced age.

25. The person who replaced Plaintiff and assumed his job responsibilities and duties following his termination was substantially younger than Plaintiff.

26. Defendant's reason for Plaintiff's termination was a pretext designed to rid the workplace of an older worker.

27. Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

28. But for Plaintiff's age, Defendant would not have terminated his employment.

29. Plaintiff has suffered damages, including, but not limited to, lost wages and benefits, compensatory damages, and emotional distress damages, as a result of Defendant's actions.

## COUNT I- VIOLATION OF THE ADEA

30. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 29 of the Complaint, as if fully set forth in this Count.

31. Plaintiff was over forty (40) years old when he was terminated.

32. Plaintiff was not terminated for cause.

33. Plaintiff was terminated only because of his age, and would not have been terminated but for his age.

34. Defendant did not have a legitimate, non-discriminatory reason for terminating Plaintiff.

35. Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

36. Plaintiff's job duties were taken over by an employee significantly younger than Plaintiff, who was less qualified than Plaintiff.

37. Defendant's termination of Plaintiff was willful and intentional, and evidences a reckless disregard for Plaintiff's rights against age discrimination.

38. Defendant had no good faith basis for terminating Plaintiff based on his age, and Plaintiff is entitled to liquidated damages based on these actions.

39. Prior to terminating Plaintiff, Defendant did not consult with the EEOC, Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on his age, was in compliance with the ADEA.

## **REQUEST FOR RELIEF- COUNT I**

WHEREFORE, Plaintiff prays that this Court will:

40. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADEA;

41. Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

42. Grant Plaintiff a judgment against Defendant for all lost wages and compensatory damages, including liquidated damages;

43. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADEA.

44. Provide any additional relief that this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated this 20th day of August, 2021.

>Respectfully submitted,
>
>***/s/Noah E. Storch***
>Noah E. Storch, Esq.
>Florida Bar No. 0085476
>RICHARD CELLER LEGAL, P.A.
>10368 W. State Road 84, Suite 103
>Davie, FL 33324
>Telephone: (866) 344-9243
>Facsimile:  (954) 337-2771
>E-mail:  **noah@floridaovertimelawyer.com**
>
>*Trial Counsel for Plaintiff*